IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| KENNETH ALVIN SMITH, ) | CIVIL ACTION NO. 9:14-3405-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |



Plaintiff has filed this Complaint pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. The file reflects that Plaintiff applied for Disability Insurance Benefits (DIB) on July 19, 2011, alleging disability as of March 1, 2011 due to a variety of alleged impairments. (R.pp. 142-149, 163).

Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on June 4, 2013. (R.pp. 23-63). The ALJ thereafter denied Plaintiff's claim in a decision issued June 21, 2013. (R.pp. 9-18). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-4).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for further consideration of the evidence, or for an outright award of benefits.

The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

### Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is generally limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)); see also, Hepp v. Astrue, 511 F.3d 798, 806 (8th cir. 2008)[Noting that the substantial evidence standard is "less demanding than the preponderance of the evidence standard"].

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).



**Discussion**

A review of the record shows that Plaintiff, who was forty-seven (47) years old when he alleges he became disabled, has a high school education with past relevant work experience as a plant coordinator, welder and production worker. (R.pp. 16, 26, 29-32, 164, 213-214). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[1] of osteoarthritis, residuals from a skull fracture, an affective disorder, carpal tunnel syndrome, and diabetes insipidus, thereby rendering him unable to perform any of his past relevant work, he nevertheless retained the residual functional capacity (RFC) to perform a restricted range of light work[2], and was therefore not entitled to disability benefits. (R.pp. 11-12, 16-17).

Plaintiff asserts that in reaching this decision, the ALJ erred by finding that he had the RFC to perform a reduced range of light work, in particular with respect to his mental impairments; by finding that Plaintiff can perform the physical demands of light work; by relying on an opinion from a Vocational Expert when that opinion was based on an assessment that did not

---

[1] An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).

3



encompass all of Plaintiff's impairments and limitations; and by improperly evaluating and assessing the opinion of Plaintiff's treating physician, Dr. Steve Smith. After careful review and consideration of the arguments and evidence submitted, the Court is constrained to agree with the Plaintiff that the ALJ committed reversible error in his analysis of Plaintiff's ability to perform full time work with his moderate difficulty in maintaining concentration, persistence or pace, thereby requiring reversal of the decision.

The ALJ specifically found in his decision that, with regard to concentration, persistence or pace, the Plaintiff had moderate difficulties. (R.p. 12). Apparently to account for this limitation (as well as his findings that Plaintiff also had moderate difficulties in social functioning and a mild restriction in his activities of daily living) the ALJ limited Plaintiff to jobs requiring only routine, simple work, with the avoidance of large crowds in the workplace. Id. (R.pp. 12, 14, 59). However, Plaintiff argues that in doing so the ALJ failed to actually consider the impact of all of the Plaintiff's mental impairments on his functional ability in compliance with SSR 96-8p, which requires a function-by-function assessment of an individual's physical and mental capacity to do sustained, work-related physical and mental activities in a work setting on a regular and continuing basis of eight hours per day, five days per week, or the equivalent. See SSR 96-8p, 1996 WL 374184. The Court agrees with the Plaintiff that the ALJ failed to provide an explanation in his decision for why he concluded that Plaintiff could perform work that required only routine, simple tasks, as all the ALJ did was review the record and evidence and then state that, after consideration of the entire record, "the residual functional capacity as set forth [in the decision] is an accurate reflection of the [Plaintiff's] claimant's residual functional capacity. (R.p. 16). However, the ALJ made no particular findings.

4



The Court assumes that the ALJ concluded that restricting Plaintiff to routine, simple work accounted for Plaintiff's mental impairments as well as any restrictions due to chronic pain (although, again, that explicit finding is never actually made),[3] to include Plaintiff's moderate restriction with respect to concentration, persistence or pace, a conclusion which concededly has found support in previous case law, and which this Court has itself upheld as sufficient in some earlier decisions. Cf. Wood v. Barnhart, No. 05-432, 2006 WL 2583097 at * 11 (D.Del. Sept. 7, 2006) [Finding that by restricting plaintiff to jobs with simple instructions, the ALJ adequately accounted for plaintiff's moderate limitation in maintaining concentration, persistence or pace]; McDonald v. Astrue, 293 Fed. App'x 941, 946-47 (3d Cir. 2008) [noting that the ALJ properly accounted for his finding that the claimant had moderate limitations in concentration by limiting him to simple, routine tasks]; see also Hyser v. Astrue, No. 11-102, 2012 WL 951468 at * 6 (N.D.Ind. Mar. 20, 2012)[Finding limitation to jobs "involving only occasional contact with public and co-workers" accounted for moderate social functioning]. However, subsequent to the issuance of the ALJ's decision in this case, the Fourth Circuit decided the case of Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), in which the Court specifically held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work'". Mascio, 780 F.3d 638, quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011). That is exactly what the ALJ did in this case. (R.p. 59). After

---

[3]See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001)[Court cannot affirm a decision on a ground that the ALJ did not himself invoke in making the decision]; Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009)["Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have thinking."].



Mascio, however, such a summary finding is no longer sufficient, as the Fourth Circuit has held that the ability to perform simple, routine tasks is not the same as having the ability to stay on task, which is the limitation that would account for a claimant's impairment in concentration, persistence or pace. Mascio, 780 F.3d 638.

While it may be that the ALJ will find, based on the evidence, that Plaintiff's moderate impairment in being able to concentrate and stay on task will not affect his ability to perform the routine, simple work identified in the decision; See Mascio, 780 F.3d at 638 [noting that the ALJ may be able to explain why a concentration, persistence, or pace limitation did not translate into a limitation in the RFC ("[f]or example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the [VE]"), but finding that remand was appropriate because the ALJ gave no explanation]; he did not make that determination or finding in his decision,[4] and this Court may not do so in the first instance. Pinto, 249 F.3d at 847 [Court cannot affirm a decision on a ground that the ALJ did not himself invoke in making the decision]. Therefore, this case must be reversed and remanded for consideration of Plaintiff's RFC in light of all of the evidence and updated caselaw.

With respect to the remainder of Plaintiff's claims of error, the ALJ will be able to reconsider and re-evaluate the evidence in toto as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002)[On remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

---

[4]As noted, the ALJ did not have the benefit of the Fourth Circuit's 2015 decision in Mascio to guide him at the time he reached the decision in this case.



**Conclusion**

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), **IT IS ORDERED** that the decision of the Commissioner is **reversed**, with **remand** to the Commissioner for reevaluation of the evidence as set forth hereinabove, and for such further administrative action as may be necessary. See Shalala v. Schaefer, 509 U.S. 292 (1993).

**IT IS SO ORDERED**.

_____
Bristow Marchant
United States Magistrate Judge

January 7, 2016
Charleston, South Carolina

**The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure**

